FILED
2016 Jul-29  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ADRIAN M. WHITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **MCDONALD'S** | ) | |
| **a/k/a BERKMAN'S FOODS** | ) | **JURY REQUESTED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for legal and equitable relief to redress unlawful sex and age discrimination.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 1981a, 2000e et seq. ("Title VII") and the state law claims of invasion of privacy, intentional infliction of emotional distress, and negligent retention, training, and/or supervision.  The Plaintiff requests a trial by jury of all issues triable to a jury.

### II.    JURISDICTION

2.    Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.  28 U.S.C. § 1367 gives the district court

jurisdiction over the Plaintiff's state law claims.

## III.   ADMINISTRATIVE PREREQUISITES

3.      The Plaintiff, Adrian M. Whitt, has met all administrative conditions precedent for filing this case under Title VII.  On or about August 3, 2015, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  On April 28, 2016, Plaintiff was issued a Dismissal and Notice of Rights for EEOC Charge No. 420-2015-02741. Plaintiff is filing the instant lawsuit within 90-days of her receipt of her Dismissal and Notice of Rights for both charges. [See, Attached Docs.].

## IV.   PARTIES

4.      The Plaintiff, Adrian M. Whitt ("Plaintiff" or "Whitt"), is a female citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama.

5.      Defendant, McDonald's a/k/a Berkman's Foods (hereinafter "Defendant" or "McDonald's"), employs more than fifteen (15) people and is thus an "employer" for Title VII purposes.  McDonald's is a fast food restaurant with locations within Birmingham, Alabama.

2

## V.   STATEMENT OF FACTS

6.      Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7.      The Plaintiff, Adrian M. Whitt, is an African-American female who identifies as a lesbian.  She was hired by the Defendant in or around October 2014 and worked as Shift Manager for the duration of her employment.

8.      During her employment with the Defendant, Store Manager Dena Pass made several comments about the Plaintiff's sexual orientation and sexual preferences.

9.      These comments included, but were not limited to, "I don't deal with people like you who act like men", "you are too aggressive", "I don't see why you are like that [gay] because guys are always trying to talk to you."  Pass made these comments in front of other employees and customers.

10.     On one occasion another manager overheard Pass making comments like the ones mentioned above and made her apologize to the Plaintiff.  Other than this one occasion Pass never apologized and kept on harassing the Plaintiff because she did not conform to what a "woman" was supposed to act and look like.

11.     The Supreme Court has recognized that employment discrimination based on sex stereotypes (e.g., assumptions and/or expectations about how persons

3

of a certain sex should dress, behave, etc.) is unlawful sex discrimination under Title VII. *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989).

12.     Because she would not conform to the Defendant's unlawful sexually stereotypical view of how a woman should act, the Plaintiff was terminated on July 30, 2015.

## VI.     <u>FEDERAL CLAIMS</u>

### COUNT I - TITLE VII SEXUAL HARASSMENT

13.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above with the same force and effect as if fully set out in specific detail herein below.

14.     Pass, Whitt's supervisor, demanded that she conform to  sex stereotypes about women (e.g., assumptions and/or expectations about how persons of a certain sex should dress, behave, etc.) and verbally berated her for not doing so.  Thus, Pass subjected Plaintiff to working conditions in violation of Title VII and Defendant is liable under Title VII for such harassment.

15.     Pass's sexual harassment of the Plaintiff was unwelcome, and was severe and pervasive enough to adversely affect the terms and conditions of her employment. Pass used her authority as a supervisor to further her unlawful harassment of the Plaintiff. Finally, Defendant knew or should have known of harassment of the Plaintiff, and did not take prompt, effective remedial action.

16.   Pass's creation of a sexually hostile work environment is in violation of Title VII and the Defendant is thus liable under Title VII for Pass's conduct. Such conduct proximately caused Plaintiff to suffer great emotional distress and trauma for which she claims compensatory and punitive damages from Defendant.

## COUNT II -TITLE VII-SEXUAL DISCRIMINATION

17.   The plaintiff re-alleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail herein below.

18.   Plaintiff has been treated unlawfully because she did not conform to gender-based behavioral norms in that she was terminated because she failed to act or behave like a "woman".

19.    As a consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

20.   Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

21.   The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

22.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

23.     This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

## VII.   STATE LAW CLAIMS

### A.     COUNT I - INVASION OF PRIVACY

24.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail herein below.

25.     This is a claim arising under the law of the State of Alabama to redress violations by Pass of the Plaintiff's right to privacy and Defendant's ratification of that conduct.

26.     Pass's conduct, as set out above, was an invasion of the Plaintiff's privacy and proximately caused the Plaintiff to suffer great emotional distress and trauma, for which she claims compensatory and punitive damages from Defendant.

27.     Defendant condoned, authorized, and/or ratified Pass's conduct because it knew of the continuing invasion of the Plaintiff's privacy by Pass and of Foster's history of being sexually inappropriate with Meneses and failed to stop

Foster's conduct.

### B.    COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above with the same force and effect as if fully set out in specific detail herein below.

29.    This is a claim arising under the law of the State of Alabama to redress Pass's intentional infliction of emotional distress upon the Plaintiff and Defendant's ratification of that conduct.

30.    The conduct of Pass, as set out above, was extreme, outrageous, and beyond the boundaries of decency in a civilized society, and it proximately caused the Plaintiff to suffer great emotional distress and trauma, for which she claims compensatory and punitive damages from Defendant.

31.    Defendant condoned, authorized, and/or ratified Pass's conduct because it knew of Pass's continuing and outrageous conduct towards the Plaintiff and failed to stop it.

### 32.    COUNT III - NEGLIGENT AND/OR MALICIOUS RETENTION, SUPERVISION, AND TRAINING

33.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail herein below.

34.    This is a claim arising under the law of the State of Alabama to redress

Defendant's negligent and/or malicious retention, training and supervision of Pass.

35.   By failing to have and/or to enforce a sexual harassment policy and by failing to conduct sexual harassment training, Defendant negligently and/or maliciously failed to train Pass and other employees adequately on the subject of sexual harassment which proximately caused the sexual harassment of the Plaintiff. Furthermore, Defendant's failure to train its employees on the subject of sexual harassment proximately caused the termination of the Plaintiff's employment.

36.   Defendant negligently and/or maliciously failed to terminate Pass after receiving actual and constructive notice of her sexual harassment of and/or her proclivity for sexually harassing the Plaintiff which proximately caused Pass's continued harassment of her.

37.   Pass's sexual harassment of the Plaintiff caused Plaintiff great emotional distress and trauma, for which she seeks compensatory and punitive damages against Defendant.

## VI.   <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of the

Plaintiff as secured by Title VII;

2.      Grant the Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3.      Issue an injunction ordering this Defendant: (1) not to engage in gender discrimination and/or sexual harassment; (2) ordering Defendant to establish written policies and procedures against such discriminatory conduct; (3) and to establish a grievance procedure for reporting such conduct;

4.      Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), and by awarding plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5.      The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS**

**A JURY FOR ALL ISSUES TRIABLE BY JURY**

                          Respectfully submitted,

                          */s/Roderick T. Cooks*
                          Roderick T. Cooks
                          Charity Gilchrist-Davis

9

Attorneys for the Plaintiff

**OF COUNSEL:**
Roderick Cooks
WINSTON COOKS, LLC
Financial Center
505 North 20th Street
Suite 815
Birmingham, AL 35203
205-208-7326 (telephone)
205-278-5876 (facsimile)
rcooks@winstoncooks.com

Charity Gilchrist-Davis
Gilchrist-Davis Law Office, LLC
Financial Center
505 North 20th Street
Suite 815
Birmingham, AL 35203
205-581-8813 (telephone)
205-581-8815 (facsimile)
cgdavis@gilchristdavis.com

**Plaintiff's Address:**
Adrian M. Whitt
c/o Roderick Cooks
WINSTON COOKS, LLC
Financial Center
505 North 20th Street
Suite 815
Birmingham, AL 35203
205-208-7326 (telephone)
205-278-5876 (facsimile)
rcooks@winstoncooks.com

Charity Gilchrist-Davis
Gilchrist-Davis Law Office, LLC

Financial Center
505 North 20th Street
Suite 815
Birmingham, AL 35203
205-581-8813 (telephone)
205-581-8815 (facsimile)
cgdavis@gilchristdavis.com

**<u>Defendant's Address</u>:**
McDonald's
Berkman Foods
3633 Jaybird Road
Brighton, AL 35020