FILED
2017 Aug-11 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN M. WHITT, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:16-cv-01235-SGC |
| MCDONALD'S *a/k/a* *Berkman's Food*, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Adrian Whitt, initiated this matter by filing a complaint in this court on July 28, 2016. (Doc. 1). Whitt filed an amended complaint on July 29, 2016. (Doc. 3). On October 12, 2016, the defendant, McDonald's, a/k/a Berkman's Food,[1] filed a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 10).[2] The motion is fully briefed and is ripe for adjudication. (Docs. 14, 15). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 16). For the reasons that follow, McDonald's motion to dismiss will be denied.

---

[1] As noted in the briefing, the complaint misidentifies the defendant. The correct name of the defendant is "Berckmans Foods, Inc., d/b/a/ McDonald's." (*See* Doc. 14 at 2). This opinion refers to the defendant as "McDonald's."

[2] After filing the motion to dismiss, McDonald's filed an answer to Whitt's amended complaint on October 13, 2016. (Doc. 13). McDonald's has recently filed a motion for summary judgment which is not yet under submission. (Doc. 23).

1

## I. FACTS AND RELEVANT BACKGROUND

Whitt is an African-American female who identifies as a lesbian. (Doc. 3 at 3). McDonald's hired Whitt in October 2014; she worked as a shift manager for the duration of her employment. (*Id.*). Whitt alleges her manager, Dena Pass, made several comments about Whitt's sexual orientation and sexual preferences in front of other employees and customers. (*Id.*). Whitt contends these comments included but were not limited to: "I don't deal with people like you who act like men"; "you are too aggressive"; and "I don't see why you are like that [gay] because guys are always trying to talk to you." (*Id.*).

The amended complaint states that on one occasion another manager overheard Pass making derogatory comments and made her apologize to Whitt. (Doc. 3 at 3). Whitt further alleges this was the only occasion on which Pass apologized and that she continued to harass Whitt on a regular basis. (*Id.* at 3-4). Finally, Whitt asserts she was terminated on July 30, 2015, because she "would not conform to the Defendant's unlawful sexually stereotypical view of how a woman should act." (*Id.* at 4).

On these facts, the Amended Complaint states two federal claims against McDonald's: (1) Title VII sexual harassment; and (2) Title VII sexual discrimination. (Doc. 3 at 4-6). The Amended Complaint also states three state law claims against McDonald's: (1) invasion of privacy; (2) intentional infliction of

emotional distress; and (3) negligent and/or malicious retention, supervision, and training. (*Id.* at 6-8). McDonald's contends all of Whitt's claims are due to be dismissed.

## II. STANDARD OF REVIEW

Under Rule 8 of the *Federal Rules of Civil Procedure*, a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). Rule 8 is satisfied where the complaint gives "the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). As explained by the Supreme Court, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

The motion to dismiss asserts a number of arguments: (1) failure to properly identify the defendant; (2) the Title VII claims are time-barred; and (3) failure to

state a claim on which relief can be granted. (Doc. 10 at 1-2). The motion also asserts factual arguments regarding Whitt's failure to report discrimination and McDonald's legitimate reasons for firing her. (*Id.* at 2). McDonald's arguments are addressed in turn, although not in the order presented.

### A. Identity of Defendant

McDonald's argues that Whitt improperly identified "McDonald's aka Berkman's Foods" as the defendant in the instant case. (Doc. 10 at 1). In response, Whitt admits that she named a non-existent entity but relies on the "misnomer rule" and contends she should be allowed to amend pursuant to Rule 15 of the *Federal Rules of Civil Procedure*. (Doc. 14 at 2). Whitt contends the misidentification was simply an error and not a strategic decision. (*Id.*). In reply, McDonald's argues its misidentification is more than a simple misnomer because Whitt named a non-existent entity; rather than simply misspelling the name of an existing entity, the amended complaint misidentified the defendant corporation as a sole proprietorship. (Doc. 15 at 1-2).

Rule 15 is "designed to ensure that a potential defendant who has not been named in a lawsuit prior to expiration of the limitations period has repose, unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *McCulley v. Allstates Technical Services*, No. 04-0115, 2005

4

WL 1475314, *17 (S.D. Ala. June 21, 2005) (quotation marks omitted) (citing *Powers v. Graff*, 148 F.3d 1223, 1227 (11th Cir. 1998)).

Here, the Amended Complaint identifies McDonald's using the same name that appeared on Whitt's EEOC complaint. (Doc. 14 at 3). The owner of the McDonald's franchise at which Whitt worked responded to that EEOC complaint. (Doc. 14-1 at 3-5). Moreover, that same individual attempted to file a *pro se* answer on behalf of McDonald's in this matter. (Doc. 7).[3] Under these circumstances, Whitt's misidentification of the defendant amounts to a "mere slip of the pen." Accordingly, McDonald's motion to dismiss is due to be denied as to the misidentification of McDonald's, and Whitt will be allowed to amend to correctly name the defendant.

B. **Time-Bar**

McDonald's argues that Whitt failed to commence this Title VII action within ninety days of the date of issuance of the right-to-sue letter from the EEOC as required by 42 U.S.C. §2000e-5 (f) (1). (Doc. 10 at 1). In response, Whitt argues her complaint was timely filed. (Doc. 14 at 3-4). Both parties agree that the EEOC issued the right-to-sue letter on April 28, 2016, and Whitt filed her complaint on July 28, 2016. (Doc. 3 at 2; Doc. 13 at 2).

---

[3] The court struck this submission because corporate entities cannot appear *pro se*. (Doc. 8).

When there is no definitive evidence of the date on which the plaintiff received a right-to-sue letter, courts presume it was received three days after mailing. *See, e.g., Henderson v. NCO Financial Systems*, No. 09-0769, 2010 WL 1382737, *5 (S.D. Ala. March 12, 2010). Moreover, Rule 6 provides that when computing a time period, one should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). "Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

In this case, there is no evidence that the right-to-sue letter was delivered to Whitt earlier than three days after its issuance by the EEOC. Utilizing the aforementioned three-day rule, July 30, 2016, was the ninetieth day from the date the plaintiff is presumed to have received the right-to-sue letter. Because July 30, 2016, was a Saturday, the deadline to file the complaint was August 1, 2016. Accordingly, Whitt's July 28, 2016 complaint was timely-filed and the motion to dismiss will be denied to the extent it relies on the untimeliness of any claims.

### C. **Failure to State a Claim and Questions of Fact**

McDonald's asserts the complaint fails to state any claim on which relief can be granted. (Doc. 10 at 2). These conclusory assertions are unsupported by

analysis or legal authority. (*Id.*). Accordingly, McDonald's has failed to carry its heavy burden of showing Whitt cannot prove a set of facts in support of her claims. *See Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986). Moreover, to the extent McDonald's does provide any basis for dismissal, it asserts factual issues inappropriate for determination on a motion to dismiss. (*See* Doc. 10 at 2) (asserting Whitt did not notify McDonald's of any harassment or discrimination and that Whitt was fired for stealing from the store). Accordingly, the motion to dismiss is due to be denied to the extent it asserts Whitt has failed to state a claim and relies on contested facts.[4]

## IV. CONCLUSION

For all of the foregoing reasons, McDonald's motion to dismiss the amended complaint (Doc. 10) is **DENIED**. Whitt is **ORDERED** to file a Second Amended Complaint correctly identifying the defendant.

**DONE** this 11th day of August, 2017.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[4] These same arguments are asserted in the motion for summary judgment and will be addressed after the motion comes under submission. (Doc. 23).